IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TERRY MATTHEW DAVIS | § | |
| VS. | § | CIVIL ACTION NO. 9:25-cv-173 |
| OTS, ET AL. | § | |

### MEMORANDUM OPINION AND ORDER REGARDING VENUE

Plaintiff Terry Matthew Davis, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against OTS (Inmate Technology Services) and the McConnell Unit, where Plaintiff was formerly incarcerated. Plaintiff alleges his tablet was confiscated and not returned to him.

### Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred at the McConnell Unit, which is located in Bee County, Texas. His claims therefore arose in Bee County.

Pursuant to 28 U.S.C. § 124(b)(6), Bee County is located in the Corpus Christi Division of the Southern District of Texas. As this case does not appear to have any connection with the Eastern

District of Texas, the court is of the opinion this matter should be transferred to the Corpus Christi Division of the Southern District.

### ORDER

For the reasons set forth above, it is **ORDERED** that this civil rights action is **TRANSFERRED** to the Corpus Christi Division of the United States District Court for the Southern District of Texas.

**SIGNED this the 13th day of June, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE